**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In the Matter of the Arbitration Between** | ) |
| | ) |
| **GLORIA WARE,** | ) No. |
| Claimant, | ) |
| | ) |
| and | ) |
| | ) |
| **CD PEACOCK,** | ) |
| Respondent. | ) |

## MOTION TO QUASH SUBPOENA

Non-party Helene Tomasian ("Tomasian"), by and through her attorneys, Keith L. Hunt, and Sarah E. Levee, and pursuant to Federal Rule of Civil Procedure 45, respectfully requests that this Court quash a certain subpoena (Exhibit A) improperly served in the above captioned arbitration and in support states:[1]

## BACKGROUND

On or about September 17, 2009, Claimant, Gloria Ware ("Ware") commenced an arbitration proceeding with C.D. Peacock Inc., ("C.D.Peacock") regarding a race discrimination claim. Helene Tomasian ("Tomasian"), a former C.D. Peacock Inc. employee, served as Vice President of Merchandising during much of Ware's employment with C.D. Peacock, Inc. However, Tomasian is not a party to this arbitration.

Ms. Tomasian is currently the plaintiff in her own federal lawsuit against Respondent in this arbitration. *Tomasian v. C.D. Peacock*, 09 CV 05665 (N.D. Ill. 2009). Tomasian should not be compelled to testify at deposition twice. Indeed, Tomaian has offered to allow Defendants to

---

[1] Tomasian files this motion without prejudice to her right to seek to compel witnesses to attend discovery proceedings in the event she is forced to arbitrate her claim against Defendants.

question Tomasian regarding Ware's allegations when Tomasian is deposed in her own case but Defendants have refused to do so and instead subpoenaed her to testify at a deposition in the arbitration proceeding.

On March 31, 2010, Respondent's counsel issuanced a Subpoena to Helene Tomasian in the above captioned arbitration. (Exhibit A). The subpoena purports to compel Tomasian to appear at Defense counsel's office on April 29, 2010. The subpoena not limited in scope and potentially allows Respondent access to information pertaining to Ms. Tomasian's pending federal case. Ms. Tomasian is a non-party to this arbitration and, as such, she cannot be compelled to participate in discovery without her consent.

## ARGUMENT

Courts may consider a Motion to Quash before a petition to compel is filed. *In the Matter of Arbitration between Integrity Insurance Co. in Liquidation,* 885 F. Supp. 69, 1995 U.S. Dist. LEXIS 4672 (SDNY 1995); *see also Scandinavian Reinsurance Co. Ltd. v. Continental Casualty Co.,* No. 04-cv-7020, p. 3 (N.D. Ill. Dec. 10, 2004) ("the party against whom process runs can move to quash at any time"). This Court should quash the subpoena issued to Tomasian on March 31, 2010.

### I.
### SERVICE ON MS. TOMASIAN WAS IMPROPER AND INCOMPLETE

Ms. Tomasian was served via Federal Express. It was not delivered to her personally as required by the Federal Rules. Indeed, Ms. Tomasian never signed for the materials. The subpoena was given to a doorman in Ms. Tomasian's building who apparently signed for the subpoena and it she subsequently received the envelope a day or two later. Courts have held that service must be made by delivering a copy of the subpoena to the person named. *In re Electric and Musical Industries, Ltd.* 155 F. Supp. 892 (DCNY 1957); *In re Johnson & Johnson*,

59 FRD 174 (D. C. Del. 1973) (personal service of a subpoena is required when the individual is subpoenaed and service made on a registered agent did not fulfill requirement for personal service). Similarly, leaving a subpoena in a room with a clerk or support staff not specifically authorized to accept service is improper. *United States v. Philip Morris, Inc.* 312 F. Supp 2d 27 (DC Coll. 2004).

In this case, serving a copy of the subpoena via Federal Express, where the receipt was signed by a doorman in a high rise building who is neither Tomasian's agent and where are rendered service ineffective. This is further borne out by the fact that Tomasian did not receive the subpoena immediately.

In addition, failure to pay a witness and mileage fees is required by the Federal Rules Render Service and Complete. *In re Stratosphere Corp. Securities Litigation*, 183 FRD 684 (D. Nev. 1999). Tomasian never received any mileage or witness fees. As such, the subpoena itself was incomplete and improper.

## II.
## THE FEDERAL ARBITRATION ACT MAY NOT AUTHORIZE DEPOSITIONS OF NON-PARTIES

C.D. Peacock's subpoena for the pre-hearing deposition of Helene Tomasian should be quashed.  While the Seventh Circuit has not yet specifically addressed the issue of whether arbitrators are authorized to issue subpoenas for pre-hearing discovery depositions to third parties, other courts in this District and in other Circuits have conistently found that arbitrators lack the power to compel non-parties to submit to pre-hearing depositions.[2]  *Martria Healthcare, LLC v. Duthie,* 584 F. Supp. 2d 1078, 2008 U.S. Dist. LEXIS 102812 (N.D. Ill. 2008); *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269 (4th Cir. 1999) (the Federal Arbitration Act, 9 U.S.C.§7, does not authorize arbitrators to issue subpoenas for

---

[2] Tomasian acknowledges that other Courts have reached contrary results.

3

discovery depositions against third parties); *In the Matter of Arbitration between Integrity Insurance Co. in Liquidation,* 885 F. Supp. 69, 1995 U.S. Dist. LEXIS 4672 (SDNY 1995) (an arbitrator may not compel attendance of a nonparty at a pre-hearing deposition); *see also In re Application of Atmel Corp. to Compel Compliance with Subpoena,* 371 F.Supp. 2d 402, 2005 US Dist. LEXIS 7319 (SDNY 2005); *Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 2008 U.S.App. LEXIS 24977 (2d Cir 2008).

An arbitrator's authority is strictly limited to that granted by the Federal Arbitration Act ("FAA"). *Martria Healthcare, LLC v. Duthie,* 584 F. Supp. 2d 1078, 2008 U.S. Dist. LEXIS 102812 (N.D. Ill. 2008), citing, *Hay Group, Inc., v. EBS Acquisition Corp.,* 360 F.3d 404, 406 (3rd Cir. 2004).

The Federal Arbitration Act provides:

> The arbitrators selected either as prescribed in this *title [9 USCS §§1 et seq.]* or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting <u>may compel the attendance of such person or persons before said arbitrator or arbitrators</u>, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for negligent or refusal to attend in the courts of the United States.

9 USCS 7 (2009)(emphasis added).

The FAA arguably restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and/or hand over documents at that time. *Hay Group Inc. v. EBS Acquisitions Corp.,* 360 F.3d

404, 2004 US App. LEXIS 4715 (3rd Cir. 2004). The arbitrator in the above captioned arbitration is not compelling Tomasian to attend a hearing or to appear before the arbitrator. Rather, the arbitrator is subpoenaing Tomasian for a pre-hearing deposition outside the arbitrator's presence, which is beyond his power. Tomasian's subpoena purports to require her attendance at defense counsel's office.

### A. PURSUANT TO 9 U.S.C. §7 ARBITRATORS HAVE QUESTIONABLE POWER TO COMPEL THE PRE-HEARING DEPOSITION OF NON-PARTIES.

An arbitrator's power over non-parties derives solely from the Federal Arbitration Act. *In the Matter of Arbitration between Integrity Insurance Co. in Liquidation,* 885 F. Supp. 69, 1995 U.S. Dist. LEXIS 4672 (SDNY 1995). The statute by its terms permits arbitrators to compel non-parties only to "attend before them". The statute does not provide for non-party pre-hearing discovery. *Martria Healthcare, LLC v. Duthie,* 584 F. Supp. 2d 1078, 2008 U.S. Dist. LEXIS 102812 (N.D. Ill. 2008); *Hay Group Inc. v. EBS Acquisition Corp.,* 360 F3d 404, 2004 US App. LEXIS 4715 (3rd Cir. 2004); *In re Application of Atmel Corp. to Compel Compliance with Subpoena,* 371 F.Supp. 2d 402, 2005 US Dist. LEXIS 7319 (SDNY 2005). Because the statute's text is clear and does not lead to an absurd result, an investigation into legislative intent is unnecessary. *Hay Group Inc. v. EBS Acquisition Corp.,* 360 F3d 404, 2004 US App. LEXIS 4715 (3rd Cir. 2004), citing, *United States ex rel. Mistick PBT v. Housing Authority of City of Pittsburg,* 186 F3d 376, 395 (3rd Cir 1999). A court's policy preferences cannot override the clear meaning of a statutes text. *Id.*

Neither the text nor the history of 9 USC §7 supports the argument that a non-party to an arbitration can be compelled to participate in pre-hearing discovery without his consent. *Martria Healthcare, LLC v. Duthie,* 584 F. Supp. 2d 1078, 2008 U.S. Dist. LEXIS 102812 (N.D.

5

Ill. 2008), "Nowhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions, or the authority to demand that non-parties provide the litigating parties with documents during pre-hearing discovery. By its own terms, the FAA's subpoena authority is defined as the power of the arbitration panel to compel non-parties to appear before them; that is, to compel testimony by non-parties at the arbitration hearing." *COMSAT Corp. v. Natl Science Foundation,* 190 F.3d 275 (4th Cir 1999). The power to compel a deposition cannot be seen as simply an implied power to control the timing, in the interests of efficiency, of a production the arbitrators concededly have the power to order, but constitutes an additional power not granted by the statute. *In re Application of Atmel Corp. to Compel Compliance with Subpoena,* 371 F.Supp. 2d 402, 2005 US Dist. LEXIS 7319 (SDNY 2005).

In the present case, the arbitrator does not have the power to issue a subpoena requiring Tomanisn to attend a pre-hearing deposition against her will. C.D. Peacock may rely on the 1995 Northern District of Illinois opinion in *Amgen v. Kidney Center of Delaware County, Ltd.,* 879 F.Supp. 878, 1995 U.S. U.S. Dist. LEXIS 3856 (N.D. Ill. 1995), to support their argument. However, at issue in *Amgen* was the territorial limitation on arbitrators to issue subpoenas. The Court did not address whether the FAA granted arbitrators the authority to compel non-parties to attend pre-hearing depositions, thus making *Amgen* distinguishable from the current case.

Furthermore, the rationale for not allowing pre-hearing depositions in arbitrations is sound. The purpose of the FAA is to "facilitate and expedite the resolution of disputes with a less costly alternative to litigation." *Recognition Equipment, Inc. v. NCR Corp.,* 532 F.Supp. 271, 1981 US Dist. LEXIS 17465 (ND TX 1981). The power to require pre-hearing appearances by witnesses in effect would increase the burden on non-parties by creating the

6

potential to require them to appear twice, both for discovery deposition and then for testimony at the hearing itself. *In re Application of Atmel Corp. to Compel Compliance with Subpoena,* 371 F.Supp. 2d 402, 2005 US Dist. LEXIS 7319 (SDNY 2005), citing, *Integrity Ins. Co. v. Amer. Centennial Ins. Co.,* 885 F.Supp. 69 (SDNY 1995). Because 9 U.S.C. §7 does not confer the power to issue subpoenas on non-parties to attend pre-hearing depositions, C.D. Peacock's subpoena for the deposition of Tomasian should be quashed.

### B. TOMASIAN DID NOT AGREE TO ARBITRATION PURSUANT TO A CONTRACT.

Arbitration agreements are contracts. Because the parties to a contract cannot bind non-parties, Ware's arbitration agreement cannot grant authority to an arbitrator to compel Tomasian's attendance. *In the Matter of Arbitration between Integrity Insurance Co. in Liquidation,* 885 F. Supp. 69, 1995 U.S. Dist. LEXIS 4672 (SDNY 1995); *Hay Group Inc. v. EBS Acquisitions Corp.,* 360 F.3d 404, 2004 US App. LEXIS 4715 (3rd Cir. 2004). When contracting parties stipulate that disputes will be arbitrated, they agree to submit to arbitration procedures rather than court procedures. *In the Matter of Arbitration between Integrity Insurance Co. in Liquidation,* 885 F. Supp. 69, 1995 U.S. Dist. LEXIS 4672 (SDNY 1995).

In *Integrity Insurance Co.,* the court held that a non-party and former vice of the arbitration's Claimant could not be compelled by an arbitrator to appear for a pre-arbitration deposition because the non-party witness never bargained for or voluntarily agreed to participate in the arbitration. *Id.* Similarly, the Third Circuit in *Hay Group,* found that a non-party witness to an arbitration could be compelled to bring documents to an arbitration proceeding but could not be subpoenaed to produce documents prior to an arbitration hearing. *Hay Group Inc. v. EBS Acquisitions Corp.,* 360 F.3d 404, 2004 US App. LEXIS 4715 (3rd Cir. 2004). In the *Life Receivables Trust* case, the Second Circuit held:

7

> Although *section 7* does not distinguish between parties and non-parties to the actual arbitration *proceeding*, an arbitrator's power over parties stems from the arbitration agreement, not *section 7*. See *Ottley v Sheepshead Nursing Home,* 688 F.2d 883, 886 (2d Cir. 1982). Where agreements so provide, that authority includes the power to order discovery from the parties in arbitration since "the FAA lets parties tailor some, even many features of arbitration by contract, including…procedure." *Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 128 S.Ct. 1396, 1404, 170 L.ed.2d 254 (2008). An arbitrator can enforce his or her discovery order through, among other things, drawing a negative inference from a party's refusal to produce, see *Nat'l Cas. Co. v. First State Ins. Group,* 430 F.3d 492, 498 (1st Cir. 2005), and, ultimately, through rendering a judgment enforceable in federal court, see *9 U.S.C. §9.* Arbitrators have no such power to compel discovery from third parties—even those (like Peachtree) that signed the underlying arbitration agreements.

*Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 217, 2008 U.S.App. LEXIS 24977 (2nd Cir 2008).

At issue in *Integrity Insurance Co.*, *Hay Group,* and *Life Receivables Trust,* as here, is that a non-party that bargained for no advantage is being compelled to participate in pre-hearing discovery. Tomasian did not contract to be bound by any agreement and she should not be required to attend any pre-hearing deposition.

Indeed, Tomasian changed her "arbitration agreement" to provide that she would not be compelled to submit to arbitration. (Exhibit B—Tomasian Arbitration Agreement). Tomasian specifically crossed out provisions waiving her right to a jury trial and that her claims would be "solely" decided through arbitration. (Exhibit B). Tomasian clearly intended not to be bound by that process. Indeed, the Defendants Chief Financial Officer has testified in Tomasian's case that her changes to the arbitration agreement means that Tomasian and Defendant never had an agreement of "meeting of the minds" and the Human Resources Director, Pat Luciew, lacked the authority to agree to Tomasian's changes. (Exhibit C—Vrkljan Deposition Pages 69-70). As such, as Vrkljan put it, "you have an employee who has not agreed to all of the terms

8

of the contract and a company that *wants* them to agree to all of the terms." As Vrkljan said, Tomasian and the Company were agreeing to different terms. (Exhibit C at 70).

    C.D. Peacock's Subpoena of Helene Tomasian should be quashed because as a non-party to the arbitration, she is under no contractual obligation to attend any pre-hearing depositions in the above captioned arbitration.

## CONCLUSION

    Respondent's discovery request is improper and should be quashed and held for naught. Alternatively, Ms. Tomasian has offered to allow Respondent to depose her on a single occasion regarding both cases, but Respondent has refused due to the schedule in the *Ware* case.

    WHEREFORE, for the foregoing reasons, Helene Tomasian, respectfully requests that the Court quash the Tomasian Subpoena issued.

                              Respectfully submitted,
                              HUNT & ASSOCIATES P.C.

                              <u>/s/ Keith L. Hunt (electronically signed)</u>
                              Keith L. Hunt

Keith L. Hunt
Hunt & Associates, P.C.
3 First National Plaza
Suite 2100
Chicago, IL 60602

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that copy of the foregoing Motion to Quash the Subpoena of Helene Tomasian was filed and served via email and First Class Mail on April 27, 2010.

Amanda Wright
Jeremy W. Stewart
Littler, Mendelson, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL 60601
awright@littler.com
jwstewart@littler.com

                                                Respectfully submitted,
                                                Hunt & Associates, P.C.


                                                By: __/s/ Keith L. Hunt (electronically signed)
                                                Attorney for Helene Tomasian