# EXHIBIT A

## BEFORE THE AMERICAN ARBITRATION ASSOCIATION

IN THE MATTER OF: )
)
GLORIA WARE, )
        Claimant )  Case Manager Tyler A. Srygley
v. )
)  Case No. 51 160 001451 08
C.D. PEACOCK, INC., )
)  Arbitrator Timothy C. Klenk
        Respondent. )
)
) Revised Subpoena for Deposition to Helene Tomasian

TO:  Helene Tomasian
      c/o Keith L. Hunt
      Sarah E. Levee
      Hunt & Associates, P.C.
      Three First National Plaza, Suite 2100
      Chicago, IL 60602

    Pursuant to the AAA Rules, the Federal Arbitration Act, and Federal Rules of Civil Procedure, you are commanded, all business and excuses being laid aside, to appear at the place, date and time specified below to testify in the above-captioned matter before a notary public or other official authorized by law to administer oath.

Place:        Littler Mendelson, P.C.
              200 North LaSalle Street, Suite 2900
              Chicago, IL 60601
              312.372.5520

Date and Time:    **April 29, 2010 at 1:00 p.m.**

Dated: _March 31_, 2010

Requested by: _/s/ Jeremy W. Stewart_        Signed: _/s/ Timothy C. Klenk_
              Jeremy W. Stewart                        Arbitrator Timothy C. Klenk
              Littler Mendelson, P.C.
              200 North LaSalle Street, Suite 2900
              Chicago, Illinois 60601
              (312) 372-5520-phone
              (312) 372-7880-fax
              Attorney for C.D. PEACOCK, INC.

# PROOF OF SERVICE

I, hereby declare and state:

I am over the age of eighteen years, employed by Littler Mendelson in the County of Cook, State of Illinois, and not a party to the within action. My business address is 200 North LaSalle Street, Suite 2900, Chicago, Illinois 60601.

On April 1, 2010, I served the **SUBPOENA TO HELENE TOMASIAN**, via Federal Express and Certified Mail, addressed as follows:

**Helene Tomasian**
**55 East Erie Street, Apt. 2406E**
**Chicago, Illinois 60611**

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2010 at Chicago, Illinois.

_____
Jeremy W. Stewart

# EXHIBIT B

them decided in court, but they have chosen instead to have any and all such disputes (except as provided herein) decided ~~solely~~ by arbitration in order to avoid the burden, expense and uncertainty of the judicial process. ~~The parties hereby knowingly and voluntarily waive trial in a court of law or by jury.~~ All other rights, remedies, time limitations and defenses applicable to claims asserted in a court of law will apply in the arbitration.

The Company and Employee agree to the foregoing arbitration provision.

**C.D. Peacock, Inc.**

By: _____

_____
Printed Name

_____
Title

_____
Date

**Employee Signature:**

X _Helene Meza_ (signature)

HELENE MEZA
Printed Name

1/26/01
Date

**S.A. Peck & Company**

By: _Patricia Lucien_ (signature)

PATRICIA LUCIEW
Printed Name

Mgr., H.R.
Title

1-26-01
Date

# EXHIBIT C

Page 1

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

HELENE TOMASIAN,                        )
            Plaintiff,                  )
vs.                                     ) 09 CV 5665
CD PEACOCK, INC. and                    )
JEWELCOR, INC.,                         )
            Defendants.                 )

The deposition of FRANK VRKLJAN, called by the Plaintiff for examination, pursuant to the Rules of Civil Procedure for United States District Courts pertaining to the taking of depositions, taken before Rosemarie LaMantia, a Notary Public in and for the County of DuPage, State of Illinois, and a Certified Shorthand Reporter of said state, CSR License No. 084-002661, at Suite 2100, Three First National Plaza, Chicago, Illinois, on the 13th day of April, A.D. 2010, commencing at the hour of 10:00 o'clock a.m.

LAMANTIA REPORTING SERVICE, INC.
(312) 282-5353

02cfa462-a95e-40ac-a362-31b4197d82b5

Page 69

1   Q.   And she made changes to the agreement,
2   correct?
3   A.   Correct.
4   Q.   Okay. And, in fact, she made the same
5   changes that Helene made, correct?
6   A.   Correct.
7   Q.   And based upon your review of those
8   documents you understood that both Helene and Alison
9   were not accepting the contract as it was offered to
10  them, correct?
11  A.   That's my understanding of it.
12  Q.   Okay. Now, when Pat Luciew countersigned
13  Helene's, was she accepting those changes on behalf
14  of CD Peacock?
15  A.   I don't know what she was thinking at the
16  time, but she had no authority to do so.
17  Q.   I'm asking you what your understanding of
18  the effect of her having signed that was.
19  A.   No effect. She has no authority.
20  Q.   She had no authority.
21       So it's your testimony she had no
22  authority to accept those changes, correct?
23  A.   Correct.
24  Q.   And so at that point you would have an

Case: 1:10-cv-02587 Document #: 1-2 Filed: 04/27/10 Page 9 of 9 PageID #:19

Page 70

1  employee who has not agreed to all of the terms of
2  that contract and a company that wants them to agree
3  to all of the terms of that contract, correct?
4     A.   Correct.
5     Q.   So there would be no meeting of the minds
6  there, correct?
7          MS. WRIGHT:  Objection, he is not a
8  lawyer.
9  BY MR. HUNT:
10    Q.   Go ahead.
11         MS. WRIGHT:  Objection, speculation.
12  BY MR. HUNT:
13    Q.   They would have each been agreeing to
14  different terms and conditions, correct?
15    A.   On the face of it, yes.
16         (Plaintiff's Exhibit No. 6 was marked
17           for identification.)
18  BY MR. HUNT:
19    Q.   Okay.  This is Plaintiff's Exhibit 6, which
20  are the memo and the employee receipt for Sharon
21  O'Rourke, correct?
22    A.   Correct.
23         MS. WRIGHT:  I believe it is Shannon.
24         MR. HUNT:  I'm sorry.

LAMANTIA REPORTING SERVICE, INC.
(312) 282-5353

02cfa462-a95e-40ac-a362-31b4197d82b5